No. 25,594.

J. L. REIGL, *Appellee*, v. LOUIS CONVERTH, Sheriff of Ford County, *Appellant*.

SYLLABUS BY THE COURT.

ATTACHMENT—*Negligence of Sheriff in Failing to Hold Property Attached— Reasonable Diligence of Sheriff Question of Fact for Jury*. What is reasonable diligence on the part of a sheriff in holding property attached by him is ordinarily a question of fact to be determined by a jury under proper instructions.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed January 10, 1925. Reversed.

*W. C. Gould*, of Dodge City, for the appellant.
*Carl Van Riper*, and *E. C. Minner*, both of Dodge City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, an attachment creditor, brought this action to recover judgment against the defendant, the sheriff of Ford county, for negligence in failing to hold possession of property attached at the suit of the plaintiff in an action against Al Bryan for the recovery of damages sustained in an automobile collision. The plaintiff recovered judgment for $300, and the defendant appeals.

There was evidence which tended to prove that upon receipt of the order of attachment the defendant sheriff, with one of his deputies, went to a garage where a damaged automobile belonging to Al Bryan was being repaired, in Dodge City, levied the order of attachment on the automobile, appraised it at $300, and left it in

charge of those who were making repairs on it at the request of Al Bryan; that the automobile was so damaged it could not be moved by its own power; that the deputy sheriff requested the men in charge of the garage to keep the automobile and not let anyone take it away without a written order from the sheriff; that the garage manager responded "All right"; that the automobile was what may be termed a house-automobile; that, without the knowledge of the sheriff, Al Bryan continued to go into it and sleep there until it was so repaired that it could be taken away, when it was taken away by him without the consent of the defendant or of the manager of the garage; that the sheriff passed the car every day and noticed it, but did not do anything to take the car away from the garage; that after the car had been taken away the sheriff was unable to recover it; and that judgment in the attachment action was rendered against Al Bryan for $400.

The action against the sheriff was tried to a jury. At the close of the evidence the court instructed the jury to return a verdict in favor of the plaintiff for $300, the appraised value of the car.

The defendant contends that the evidence should have been submitted to the jury under proper instructions, and that it was error for the court to instruct the jury to return a verdict in favor of the plaintiff.

35 Cyc. 1670 says:

"A sheriff is held to the same degree of prudence, vigilance and care with respect to property under seizure and in his custody as a careful and prudent man would be likely to exercise over his own property; but he is not liable as an insurer, and hence if the property in his possession or under his control is lost, destroyed or damaged without neglect on his part he is not liable."

The rules here declared are supported by 24 R. C. L. 938, 939, and a note in L. R. A. 1915 A 193. Reasonable diligence is all that is required of a sheriff. What is reasonable diligence on the part of a sheriff in holding attached property is ordinarily not a question of law, but a question of fact to be determined by a jury under proper instructions. The evidence in this case did not warrant the trial court in instructing the jury to return a verdict in favor of the plaintiff. The evidence should have been submitted to the jury under proper instructions.

The judgment is reversed, and a new trial is granted.